NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
**FOSTER OWNERS CO. LLC, et al.,**  :
                                    :   Civil Action No. 14-5120 (FSH)
            **Plaintiffs,**         :
                                    :
        v.                          :
                                    :   OPINION
**JEFFREY J. FARRELL,**             :
                                    :
            **Defendant.**          :
_____:

**I.    INTRODUCTION**

This matter comes before the Court on the motion of Defendant Jeffrey J. Farrell ("Defendant" or "Farrell") to dismiss the action for Plaintiffs' failure to join Hudson View Gardens, LLC ("HVG") as a party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. Under Federal Rule of Civil Procedure 78, the Court decided this motion without oral argument. For the reasons set forth below, Defendant's motion is denied.

**II.    BACKGROUND**

   **A.  Relevant Facts**

This case arises out of a dispute among the members of a New Jersey limited liability company.[1]  HVG was formed on or about August 2, 2005 to, among other things, "acquire and manage" residential apartment buildings.  At its inception, HVG consisted of Rodney Durso, Gary Durso, Marla G. Durso (collectively, the "Dursos"), who are all New York residents, and

___

[1] For the purposes of a motion to dismiss, the Court takes the facts recited herein from Plaintiff's Complaint.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 434-35 (3d Cir. 2000).

Defendant Farrell, a New Jersey resident. The Dursos are also the sole members of Foster Owners Co. LLC ("Foster"), a New York limited liability company with its principal place of business in New York.

Pursuant to Section 5.3 of HVG's Operating Agreement, HVG's members elected Farrell to serve as the "Managing Member" in charge of the "day-to-day responsibilities."[2] Under Section 3.1 of the Operating Agreement, the Dursos received 447,500 Class A Units of HVG and were entitled to a 55.5% voting interest, and Farrell received 447,500 Class B Units of HVG and was entitled to a 44.44% voting interest. In addition, under Section 3.2 of the Operating Agreement, Farrell was obligated to make a capital contribution of $447,500. Because Farrell did not have sufficient funds to pay $418,000 of the required capital, he borrowed the remaining amount from Foster. Accordingly, on or about October 3, 2005, Farrell executed a Term Note (the "Note") for $418,000.

Under the Note, Farrell agreed to repay Foster the principal and interest of seven and one-quarter percent per annum, on a monthly basis, until the due date of the final payment on October 3, 2010. Further, in order to secure Farrell's performance under the Note, on October 3, 2005, Farrell and Foster executed a Pledge Agreement where, among other things, Farrell pledged to

---

[2] Neither party submitted a copy of HVG's Operating Agreement. Because HVG is a New Jersey limited liability company, it is governed by the Revised Uniform Limited Liability Company Act. See N.J.S.A. 42:2C-1. Under N.J.S.A. 42:24-11, the operating agreement governs the "relations among the members . . . [of] the limited liability company," including the "rights and duties . . . of a person in the capacity of manager." Further, a limited liability company is "member-managed" unless the operating agreement explicitly provides that the company is "manager-managed." N.J.S.A. 42:2C-37. In this case, the Operating Agreement provides that HVG is "manager-managed," N.J.S.A. 42:2C-37, because its members, the Dursos and Farrell, appointed Farrell to manage HVG. Therefore, under N.J.S.A. 42:2C-37, Farrell has exclusive decision-making power over HVG's activities.

2

Foster all of his interest in his Class B Units of HVG (the "Collateral Agreement").[3]

1. State Court Action

On October 23, 2014, Farrell filed a Complaint against the Dursos and HVG in Bergen County Superior Court, Chancery Division (the "State Court Action") alleging, among other things, breach of contract and breach of the covenant of good faith and fair dealing.[4]

B. Summary of Arguments

On August 14, 2014, Plaintiffs filed their Complaint, charging Farrell with, among other things, breach of fiduciary duty, breach of contract, and fraud. In lieu of an answer, Defendant now moves to dismiss the Complaint for failure to join HVG as a party to this action.[5] Farrell maintains that HVG is a necessary party under Federal Rule of Civil Procedure 19 because all of the parties formed HVG, and because the Operating Agreement governs the parties' relationship. Farrell also argues that Plaintiff's allegations against Farrell for fraud directly affect HVG, which makes HVG a necessary party.

---

[3] The Court notes that there appears to be two Collateral Agreements. In addition to the agreement made on October 3, 2005 between Farrell and Foster, the Complaint's Eleventh Count states that in approximately November 2013, Rodney Durso ("Rodney") and Farrell entered into another Collateral Agreement, where Rodney loaned Farrell $50,000 and Farrell pledged his Class B Units of HVG as security.

[4] Farrell attaches a copy of his State Court Action Complaint to his Reply Brief in response to Plaintiffs' statement in their opposition brief that they have not yet received a copy of the state court Complaint nor have been served. In his Complaint, Farrell also includes Samco Realty, L.L.C., a New Jersey entity that manages HVG, as a defendant.

[5] In his motion, Farrell presents this case as a "derivative shareholder creature" because it is an "action by majority shareholders of a company . . . against a minority shareholder." However, Farrell fails to cite any legal authority that supports this proposition. Further, the Court finds that characterizing the claims as derivative or non-derivative is irrelevant to determining whether HVG is indispensable in this case. See R & R Capital, LLC v. Merritt, No. 07-2869, 2007 WL 3102961, at *10 (E.D. Pa. Oct. 23, 2007) (noting that although determining whether claims are derivative is relevant in suits against corporations, the same reasoning does not apply to other legal entities, like partnerships).

Moreover, Farrell contends that HVG is not a dispensable party because any judgment in this action would not prevent HVG from separately suing Farrell. See id. at 6. Finally, because joining HVG defeats complete diversity, Farrell argues that the Court should dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(7).[6] See id. at 1, 7.

In opposition, Plaintiffs claim that HVG is not a necessary party to the action. Although Plaintiffs state that they "do not concede that [HVG] is a necessary party" in this case, Plaintiffs fail to provide any legal basis for their argument. Instead, Plaintiffs focus on Fed. R. Civ. P. 19(b) and the issue of indispensability. Specifically, Plaintiffs argue that the Court should deny Farrell's motion because HVG is not an indispensable party under Fed. R. Civ. P. 19(b), as all HVG's members are parties, and the Court can include proper provisions in any judgment to prevent HVG or Farrell from being prejudiced. Plaintiffs primarily rely on HB Gen. Corp. v. Manchester Partners, L.P., a case based on diversity and arising out of a dispute among members of a small limited partnership. 95 F.3d 1185 (3d Cir. 1996). Plaintiffs argue that the Third Circuit's reasoning in HB for denying the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) applies to this action, particularly on the issue of indispensability. Specifically, Plaintiffs argue that the Third Circuit was correct in concluding that: (1) protective provisions in the judgment can avoid prejudicing the defendant; and (2) excluding the partnership would not prejudice the partnerships' interests.

In its reply, Farrell distinguishes HB from this case by arguing that the entity at issue in HB was a Delaware partnership, whereas here, HVG is a New Jersey limited liability company.

---

[6] Farrell's argument that dismissal for lack of diversity is appropriate under Rule 12(b)(7) seems to conflate the joinder principles of Rules 12(b)(7) and 19 with the jurisdictional basis for dismissal under Rule 12(b)(1).

4

Farrell argues that the New Jersey's Limited Liability Company Act governs HVG, and that the Act considers HVG a "separate legal entity."[7] Moreover, Farrell contends that the parties will not be prejudiced if this action is dismissed because the parties can litigate the dispute in the pending State Court Action.

### III. LEGAL STANDARD

Under Federal Rules of Civil Procedure 12(b)(7) and 19, a defendant may move to dismiss a complaint for plaintiff's failure to join a party. In reviewing a motion to dismiss under Rules 12(b)(7) and 19, the court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 805 (3d Cir. 2000). It is the movant's burden to prove that a non-party is indispensable to the adjudication of the action. See Fed. Home Loan Mortg. Corp. v. Commonwealth Land Title Ins. Co., No. 92-5255, 1993 WL 95494, at *5 (E.D. Pa. Mar. 31, 1993).

Rule 19 governs when a party's joinder is compulsory. See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993). Courts considering a Rule 19 motion must conduct a two-step inquiry. See Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306 (3d Cir. 2007); Janney, 11 F.3d at 404. First, the court must determine whether the absent party is "necessary" to the action. See Gen. Refractories, 500 F.3d at 312. Rule 19(a) provides, in pertinent part,

> (1) A person . . . must be joined as a party if (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the

---

[7] Farrell cites to a statute that was repealed by the Revised Uniform Limited Liability Company Act § 95 (Sept. 19, 2012). However, the law remains the same under N.J.S.A. 42:2C-4a ("A limited liability company is an entity distinct from its members.").

5

>person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Id.  If the court determines that the party is "necessary," then the party must be joined.  See Gen. Refractories, 500 F.3d at 312.  If a party does not satisfy the requirements of 19(a), the Court need not inquire further.  See Temple v. Synthes Corp. Ltd., 498 U.S. 5, 8 (1990); Janney, 11 F.3d at 413.  If the party is necessary, but may not feasibly be joined under Rule 19(a), the court must turn to the second step in the inquiry.  See Gen. Refractories, 500 F.3d at 319.

Where the court determines that a party must be joined under Rule 19(a), but doing so would be procedurally infeasible, such as, where joining the party destroys complete diversity and thus, the court's jurisdiction, then the court analyzes Rule 19(b) to determine if "in equity and good conscience," the necessary party is indispensable.  Fed. R. Civ. P. 19(b); see also Janney, 11 F.3d at 405.  In other words, where joinder is procedurally infeasible, the court must evaluate whether "the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b); see also Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Ill., 104 Fed. Appx. 218, 221 n.4 (3d Cir. 2004).

To determine whether a necessary party is "indispensable," a court looks at four factors, including whether:  (1) a judgment rendered in the non-party's absence might prejudice the non-party or the existing parties; (2) protective provisions in the judgment, the shaping of final relief, or other measures, can diminish the existing prejudice; (3) a judgment rendered in the non-party's absence will be adequate; and (4) the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.  See Fed. R. Civ. P. 19(b).  If the party is indispensable, the action ultimately cannot go forward.  See Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs., 844 F.2d 1050, 1053-54 (3d Cir. 1988).

**IV.    DISCUSSION**

**A.**  Rule 19(a)

The court initially looks to Rule 19(a) to determine the feasibility of joining HVG in this dispute.  Courts treat clauses (A) and (B) of Rule 19(a)(1) disjunctively:  if a party satisfies either subsection, the party is deemed "necessary."  See Mfrs. & Traders Trust Co. v. Minuteman Spill Response, Inc., 999 F. Supp. 2d 805, 814 (W.D. Pa. 2013) (citing Gen. Refractories, 500 F.3d at 313).  For example, even if a court decides that complete relief can be granted, it must still analyze both parts of Rule 19(a)(1) to determine whether joining a non-party is necessary.  See id.

Here, the Court will first examine whether joining HVG is necessary under Rule 19(a)(1)(A).

**1.**  Rule 19(a)(1)(A)

Rule 19(a)(1)(A) requires that the court first examine whether complete relief may be accorded "among existing parties" without joining any absent party.  See Fed. R. Civ. P. 19(a)(1)(A).  In considering the completeness of the relief, the court need not consider the "effect a decision may have on absent parties."  Gen. Refractories, 500 F.3d at 313 (citing Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996)).  For example, in American Home Mortg. Corp. v. First American Title Ins. Co., the plaintiff's ability to fully recover from the defendant was made clear in the language of the parties' title insurance policies, which required the defendant to insure plaintiffs for any loss or damage.  No. 07-01257 (JLL), 2007 WL 3349320, at *4 (D.N.J. Nov. 9, 2007).  In that case, although the parties did not provide the court with a copy of the policies, the court still concluded that the non-party entity was not necessary

under general principles of joint and several liability. See id. at *5-6.

Here, Plaintiffs claim that the court may enter complete relief among the parties without HVG's involvement. However, Plaintiffs provide no further legal support for that argument. On the other hand, Farrell argues that the case may not be settled or fully adjudicated without joining HVG because all parties created HVG, and because HVG's Operating Agreement governs the parties' relationship. But Farrell fails to explain why HVG must be a party for the Court to examine the Operating Agreement. Additionally, similar to American Home, neither party in this case provides the Court with a copy of the Operating Agreement. Nevertheless, as Farrell concedes, all members of HVG are existing parties in this case. Plaintiffs seek recovery of various claims, including Farrell's alleged breach of the Note, pursuant to which Farrell is required to repay Foster for the loan, and Farrell's breach of the Collateral Agreements with Foster and Robert Durso. Thus, under the Note and the Collateral Agreements, Farrell must repay funds to the existing parties. The Court therefore finds that complete relief may be accorded among the present parties, and that HVG is not a necessary party under subsection (a)(1)(A). See Fed. R. Civ. P. 19(a)(1)(A).

    **2.** Rule 19(a)(1)(B)

Even though the parties may receive complete relief, the Court must still analyze HVG under Rule 19(a)(1)(B). Unlike the analysis under subsection (a)(1)(A), the Court now considers the effect that resolving this case may have on any non-parties. See Fed. R. Civ. P. 19(a)(1)(B).

    **i.** Rule 19(a)(1)(B)(i)

Under subsection (a)(1)(B)(i), the court must determine whether the non-party will be impaired or impeded from protecting their interests in the subject matter of the litigation. See Fed. R. Civ. P. 19(a)(1)(B)(i). The court may generally consider whether an absent party has

claimed any interest.  See Wallkill 5 Assocs. II v. Tectonic Eng'g, P.C., No. 95-5984, 1997 WL 452252, at *8 (D.N.J. July 25, 1997) (recognizing that "[i]ndeed, [non-party] Poppe has not even claimed an interest in the subject of the action" in its Rule 19(a)(1)(B) analysis).  For example, in HB, the Third Circuit concluded that the non-party partnership "clearly has an interest in th[e] case" because the defendant's obligation to provide capital, the alleged breach that is the basis of the suit, "ran to the Partnership."  95 F.3d at 1190.  The HB court thus held that joinder of the partnership was required under Rule 19(a)(1)(B)(i), if feasible.

This case, however, is distinguishable from HB because HVG, unlike the partnership in HB, is not a stakeholder in the litigation between Farrell and Foster.  Farrell satisfied his obligation to HVG to provide a capital contribution of $447,500 by borrowing $418,000 from Foster.  Accordingly, Farrell executed the Note to Foster in the principal amount of $418,000, pledging as security Farrell's interest in his Class B Units of HVG.  Because Farrell allegedly did not pay the amount due under the Note, Farrell's breach, which forms part of the basis of this action, runs to Foster rather than to HVG.  See HB, 95 F.3d at 1190.  Furthermore, in HB, the defendant maintained the right to redeem its partnership interest, and if the partnership failed to pay the redemption price, then the defendant could seek to compel a sale of land owned by the partnership.  See id. at 1189.  Here, Farrell's breach of the Note triggered transferring Farrell's interest in his Class B Units of HVG to Foster under the Collateral Agreement.  Thus, Foster owns any remedy Farrell may seek.  Therefore, this Court finds that the joinder of HVG is not required under subsection (a)(1)(B)(i).

        **ii.**    Rule 19(a)(1)(B)(ii)

Next, Rule 19(a)(1)(B)(ii) requires the Court to examine whether proceeding without joining the absent parties will leave the parties "subject to substantial risk of incurring double,

multiple, or otherwise inconsistent obligations." See Fed. R. Civ. P. 19(a)(1)(B)(ii).  In HB, for example, the Third Circuit noted that joinder of the absent Partnership was necessary because the partnership could bring identical claims against the defendant, and thus expose the defendant to additional risks.  95 F.3d at 1190.  Here, while HVG possibly could bring some identical claims against Farrell, HVG cannot charge Farrell with a majority of Plaintiffs' allegations, including breach of contract, breach of the Collateral Agreements, fraud, and conversion.  Instead, most of Plaintiffs' claims are unique to the named parties.  Thus, because there is no "substantial" risk of exposing Farrell to "inconsistent obligations," the joinder of HVG is unnecessary.  See Fed. R. Civ. P. 19(a)(1)(B)(ii); see also Janney, 11 F.3d at 411 ("[T]he possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic [does not] trigger the application of Rule 19.") (quotations omitted).

Because HVG does not satisfy the requirements of 19(a), the Court need not inquire further.  See Temple v. Synthes Corp. Ltd., 498 U.S. 5, 8 (1990); Janney, 11 F.3d at 413.  Nevertheless, even if HVG is a necessary party under 19(a), the joinder of HVG is required only if it is feasible.

Importantly, joinder is not feasible in this case.  For diversity jurisdiction purposes, the citizenship of a limited liability company is determined by the citizenship of its members.  See Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).  Thus, although there is complete diversity without joinder of HVG because the suit is brought by New York citizens against a New Jersey citizen, that diversity vanishes if HVG, a citizen of New York and New Jersey, is joined.  See Zambelli, 592 F.3d at 420.  Thus, the Court must next determine whether this case can, "in equity and good conscience," proceed without HVG as a party. Fed. R. Civ. P. 19(b).

**B.** Rule 19(b)

Analyzing a non-party's indispensability under Rule 19(b) requires the court, "in equity and good conscience" to determine whether the action should proceed with the currently-named parties, or if dismissal is appropriate. See Fed. R. Civ. P. 19(b). Whether a person or entity is indispensable depends on "pragmatic considerations." See Fed. R. Civ. P. 19, Advisory Committee Notes to the 1966 Amendment; see also Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 116 n.12 (1968). Rule 19(b) lists four factors to consider when deciding whether a non-party is indispensable. See Fed. R. Civ. P. 19(b). While these four factors are not exhaustive, they "are the most important considerations in determining whether a party is indispensable." Gen. Refractories, 500 F.3d at 320.

The first two factors the court must consider are the prejudice the current parties and non-parties would face in the non-parties' absence, and whether the court can lessen or avoid such prejudice. See Fed. R. Civ. P. 19(b). As mentioned above, Farrell may be prejudiced because HVG could later bring claims against Farrell. All of the members that could later sue Farrell under the Operating Agreement, however, are already before this Court. See N.J.S.A. 42:2C-37 (in a manager-managed limited liability company, "any matter relating to the activities of the company is decided exclusively by the managers"). Under HVG's Operating Agreement, Farrell is the only managing member. However, operating agreements may include provisions limiting a manager's authority. See, e.g., N.J.S.A. 42:2C-11 (permitting members to establish restrictions and liabilities of members and managers). In either scenario, any member that may have decision-making power over HVG's activities is present before this Court. The Court can therefore prevent all members from later bringing a suit on HVG's behalf. In addition, this Court can require Plaintiffs to cause HVG to release its claims against Farrell as a condition of

judgment.  Thus, because protective measures can diminish any prejudice Farrell could suffer, dismissal is inappropriate.

Further, excluding HVG as a party causes it no prejudice.  Although indispensability is a question of federal law, state law governs the nature of the absent party's interests.  See Provident Tradesmens, 390 U.S. at 125 n.22.  Here, the relevant state law is New Jersey, because HVG is organized pursuant to New Jersey law.  The Court must first decide whether, under New Jersey law, HVG has interests as an entity in this case.  The Revised Uniform Limited Liability Company Act governs all limited liability companies in New Jersey.  See N.J.S.A. 42:2C-1.  Limited liability companies are separate legal entities.  See Casella v. Home Depot USA, Inc., No. 09-0421 (JAP), 2010 WL 3001919, at *4 (D.N.J. July 28, 2010).  However, under New Jersey law, limited liability companies are more like partnerships than corporations.  See, e.g., Historic Boardwalk Hall, LLC v. C.I.R., 694 F.3d 425, 429 n.1 (3d Cir. 2012) (explaining that "an LLC with two or more members is classified as a partnership for tax purposes").

Tellingly, the section of the New Jersey code, N.J.S.A. 42:2C-1, dealing with limited liability companies is a subchapter of the section regarding partnerships, N.J.S.A. 42.  Courts have decided that partnerships have interests as entities.  See HB, 95 F.3d at 1192.  Thus, HVG may have interests as an entity in this case.  However, just as a partnership's interest can be represented in litigation by the participation of its partners, HVG's members can represent the company's interests in this case.  See id.  HVG consists of the Dursos and Farrell, all of whom are before the Court.  Although each member presumably has interests that are distinct from HVG's, this Court finds that the parties may adequately represent HVG's interests.  For instance, if HVG has claims against Farrell, Plaintiffs can effectively advance these interests.  See Delta Financial Corp. v. Paul D. Comanduras & Assocs., 973 F.2d 301 (4th Cir. 1992) (holding that in an action

between the only two partners of a limited partnership, the partnership entity is neither necessary nor indispensable). Therefore, the first two factors weigh against HVG's indispensability.

The third factor under Rule 19(b) is "whether a judgment rendered in the [non-parties'] absence would be adequate." Fed. R. Civ. P. 19(b). To determine this factor, the court considers whether the remedy it will grant plaintiffs will be sufficient. See Gen. Refractories, 500 F.3d at 320-21. Here, the Court can adequately resolve Plaintiffs' claims against Farrell in this action. See Gardiner v. Virgin Islands Water & Power Auth., 145 F.3d 635, 642 (3d Cir. 1998) (finding the resolution of claims in "one action" persuasive in an analysis of the third 19(b) factor). Thus, this factor also weighs in favor of allowing Plaintiffs' Complaint to proceed.

The fourth factor is "whether the plaintiff will have an adequate remedy if the action were dismissed for nonjoinder." Farrell argues that if the Court grants its motion, Plaintiffs would not sustain any harm as "the parties can litigate the dispute . . . in the New Jersey Chancery Division." Nevertheless, Farrell can also file counterclaims against HVG in this action without destroying subject matter jurisdiction. In a diversity action, the district court may exercise supplemental jurisdiction over a defendant's counterclaim against non-diverse parties joined as third-party defendants to the counterclaims. See 28 U.S.C. § 1367. Therefore, this factor is neutral in the Court's analysis under Rule 19(b).

Because all members of this small limited liability company are before the Court, excluding HVG causes neither Farrell nor HVG any prejudice. The presence of all members ensures that this Court can fashion a judgment with provisions protecting Farrell from a subsequent suit relating to the claims at issue here. Moreover, Farrell has the option of bringing counterclaims against Plaintiffs in this action under the District Court's supplemental jurisdiction, which defeats the risks of piecemeal litigation. See 28 U.S.C. § 1367. Thus, even if HVG is a

necessary party under Rule 19(a), Farrell fails to prove that HVG is indispensable under Rule 19(b).  Therefore, this action will not be dismissed for failure to join HVG pursuant to Rules 12(b)(7) and 19.

**V.     Conclusion**

For the foregoing reasons, the Court will deny Defendant's motion to dismiss the Complaint [D.E. 4] for failing to join HVG as a party pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19.  An appropriate Order accompanies this Opinion.


**/s/ Faith S. Hochberg_____**
**Hon. Faith S. Hochberg, U.S.D.J.**

Dated:  February 23, 2015